No. 13,986.

McNulty, Executrix et al. *v.* Kearin.
(69 P. [2d] 773)

Decided June 14, 1937.

Mr. Angelo F. Mosco, for plaintiffs in error.

Mr. Albert L. Moses, for defendant in error.

*En Banc.*

Mr. Justice Bouck delivered the opinion of the court.

The judgment before us for review is a decree whereby the district court of Huerfano county charged a certain federal coal prospecting permit—standing in the name of the defendant McNulty as executrix of the last will and testament of Peter Fern, deceased—with a trust, as to a one-half interest therein, in favor of the plaintiff Kearin, defendant in error here.

The situation out of which the controversy arose will be better understood by recounting the salient facts concerning Kearin's relations with Fern and Fern's estate and heirs.

Beginning in 1923, McNulty's testate Fern had been a copartner of Kearin's with a view to the ownership, leasing, prospecting, development and operation of coal lands in Huerfano county. In 1925 they jointly acquired from the United States a coal mining lease on a tract of 240 acres, and in 1927 they jointly procured from the United States a coal prospecting permit on a tract of 360 acres adjacent to the other tract. This permit was thereafter renewed, expiring March 5, 1931.

About a week prior to the expiration of the permit Fern commenced an action to dissolve the partnership existing between himself and Kearin, alleging that he had contributed his entire time and large sums of money to the partnership business and that Kearin refused to make proper contribution. The prayer was for dissolution of the partnership, an accounting, compensation for Fern's advances and services, division of assets, and other relief.

On April 18, 1931, while the action was pending, Fern applied to the United States for a new coal prospecting permit in his sole name on the land covered by the original permit granted to him and Kearin jointly. On June 19, 1931, Fern died.

Fern's application for a new permit was duly kept alive

by proper extensions officially granted for payment of the $350 rental, which Kearin claims he eventually paid to the government.

The defendant McNulty, Fern's executrix, requested that the permit applied for by Fern be issued instead to her. Kearin filed a protest in the land office against the issuance of such a permit to the executrix, setting forth his claim as a partner, but the Department of the Interior properly ruled that it has no jurisdiction over equitable issues and dismissed the protest, leaving Kearin to seek in the courts any remedy he might have. The permit received by, and in the name of, the defendant McNulty as executrix is the property right subjected in the trial court to the declaration of trust here complained of.

After Fern's death the executrix and the other plaintiffs in error, who are the legatees and devisees under Fern's will, asked and obtained leave to be substituted as the parties plaintiff in Fern's action for dissolution of partnership.

In the present action, brought by Kearin against the executrix and the aforesaid legatees and devisees, these defendants plead and contend, first, that the decision of the Interior Department dismissing Kearin's above mentioned protest was a final adjudication of the present controversy, and secondly, that all legal and equitable claims of Kearin's were finally adjudicated in the partnership dissolution action brought by Fern.

1. The mere recital already given in regard to the proceedings in the United States land department shows that the first contention is without merit.

2. The second contention is equally unsound. The record discloses that, after one Samuels and one Jordan had been brought in as additional parties defendant, the district court in which the dissolution action was pending entered a decree pursuant to a stipulation between Kearin and the other defendants, quieting title to the lands covered by the coal mining lease as against

592

Samuels and Jordan, who both failed to defend. In order to refute the argument that a final adjudication was there had, adversely to Kearin, of the matters involved in the case at bar, we need do no more than quote the plaintiffs in error's "offer of compromise" which by Kearin's acceptance was constituted a binding stipulation, duly acted upon by the trial court: "The plaintiffs, by way of compromise, hereby offer to allow a decree to be entered in the above entitled case quieting the title of the lessees [Fern and Kearin] in that certain lease described in the amended complaint herein as against any and all claims of the defendants Aaron H. Samuels and Lee Jordan and permitting a judgment to be entered finding the respective claims of the plaintiffs and defendant, Walter Kearin, to be of equal amounts and to cancel the same." In line with the stipulation the decree makes no disposition of the controversy now before us; it provides that the respective pecuniary claims which were there asserted by Fern and Kearin are to be considered as balancing each other, and that the coal mining lease alleged in the complaint to be the property of the partnership belongs equally to Kearin and the estate of Fern. That complaint did not deal in any way with the coal prospecting permit for which Fern had applied and which was issued—nearly six months after entry of the decree—to his estate, represented by the executrix.

The various assignments of error raise specific contentions that must be determined against the defendants. They have been considered, but need not all be discussed. The overruling of the demurrer for alleged misjoinder of parties is immaterial, whether it had merit or not, for the defendants pleaded over and thus waived any error in connection therewith. Nor is any prejudice apparent from the overruling of a motion to strike portions of the complaint.

The complaint sufficiently states a cause of action. The evidence for and against its allegations is substantial and discloses a genuine conflict. Consideration of all the

assignments of error and the arguments of counsel convinces us that no prejudicial error was committed by the court in admitting or rejecting evidence, or otherwise, and we are therefore bound by the fact findings of the district court.

Judgment affirmed.